UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:15-CR-166-T-33TBM

SUNCOAST BRACE AND LIMB, INC.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, Suncoast Brace and Limb, Inc., and the attorney for the defendant, Barry A. Cohen, mutually agree as follows:

**A.    Particularized Terms**

   1.    Count Pleading To

   The defendant shall enter a plea of guilty to Count One of the Information.  Count One charges the defendant with healthcare fraud, in violation of 18 U.S.C. § 1347.

   2.    Maximum Penalties

   Count One carries a maximum sentence of a fine of $500,000.00, and a special assessment of $400 per felony count for persons other than individuals, such as corporations.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and

Defendant's Initials _____

with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.      Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

| | |
|---|---|
| First: | The Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program by means of false or fraudulent pretenses, representations, or promises; |
| Second: | The false or fraudulent pretenses, representations, or promises related to a material fact; |
| Third: | The Defendant acted willfully and intended to defraud; and |
| Fourth: | The Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services. |

4.      Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the

Defendant's Initials 

2

conduct giving rise to this plea agreement. If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida also agrees not to charge Joann Manali with any federal criminal offenses known to the United States Attorney's Office at the time of the execution of this plea agreement, related to the conduct giving rise to this plea agreement.

As part of this plea agreement, Joann Manali further agrees to a permissive exclusion of herself, as well as any entity which she effectively owns or controls, from participation in any federal health care program for a period of time to be determined by discussions between Manali, the Office of the United States Attorney for the Middle District of Florida, and the Secretary of Health and Human Services and pursuant to the provisions of 42 U.S.C. § 1320a-7(b). The failure of the parties to reach a satisfactory resolution of this provision would constitute a breach of all provisions of this paragraph and release the United States from its above agreement not to charge Joann Manali with any previously known federal criminal offenses.

6.      Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Medicare in the amount of $1,398,871.00 and to Medicaid in the amount of $94,497.00.

7.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's

3

Defendant's Initials 

applicable guidelines range as determined by the Court pursuant to the United

States Sentencing Guidelines, as adjusted by any departure the United States

has agreed to recommend in this plea agreement.  The parties understand that

such a recommendation is not binding on the Court and that, if it is not accepted

by this Court, neither the United States nor the defendant will be allowed to

withdraw from the plea agreement, and the defendant will not be allowed to

withdraw from the plea of guilty.

       8.      Forfeiture of Assets

       The defendant agrees to forfeit to the United States immediately

and voluntarily any and all assets and property, or portions thereof, subject to

forfeiture, pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control

of the United States or in the possession or control of the defendant or

defendant's nominees.  The assets to be forfeited specifically include, but are not

limited to, a money judgment in the amount of $1,493,368, representing the

amount of proceeds obtained as a result of the offense charged in Count One.

The defendant also hereby agrees to waive all constitutional, statutory and

procedural challenges in any manner (including direct appeal, habeas corpus, or

any other means) to any forfeiture carried out in accordance with this Plea

Agreement on any grounds, including that the forfeiture described herein

constitutes an excessive fine, was not properly noticed in the charging

instrument, addressed by the Court at the time of the guilty plea, announced at

sentencing, or incorporated into the judgment.

4



Defendant's Initials

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offense(s) to which defendant is pleading guilty is $1,493,368 and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such

5

Defendant's Initials 

assets.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing.  In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

9.      Corporate Defendant

The undersigned corporate officer or representative of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information, and to

6

Defendant's Initials 

enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation.  Said defendant corporation either has implemented or will, by the time of sentencing, implement an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence, requiring at a minimum that the corporation take the steps set forth in USSG §8B2.1.  The defendant corporation further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

B.      **Standard Terms and Conditions**

1.      Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials 

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $400.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or

8

Defendant's Initials 

inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that its financial statement and disclosures will be complete, accurate and truthful and will include all assets in which it has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly

9

Defendant's Initials 

authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     5.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

     6.      Defendant's Waiver of Right to Appeal the Sentence

10

Defendant's Initials 

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7.  Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8.  Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

11

Defendant's Initials 

9.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for

12

Defendant's Initials 

perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

The defendant, Suncoast Brace & Limb, Inc. (SBL), was incorporated in the state of Florida in February, 1998. SBL was based in Bradenton, Florida, with satellite offices in Inverness, Florida and Sun City Center, Florida. SBL was a Durable Medical Equipment (DME) supplier that specializes in prosthetic devices such as legs, ankles, and feet. As such, SBL provided prosthetic services and devices to individuals eligible for Medicare Part B and Medicaid insurance. SBL was assigned a Medicare National Provider Identification Number, which it used to bill and receive reimbursements from Medicare. SBL also was a Medicaid provider with the Florida Medicaid Program and was assigned a Medicaid Provider Number which it used to bill and receive reimbursements from Medicaid. The State of Florida implemented the Medicaid

Defendant's Initials 

13

program on January 1, 1970, to provide medical services to indigent people. The Medicaid program is funded jointly through federal and state funds. Thus Florida Medicaid also has jurisdiction over the claims which SBL filed.

During the time period alleged in the Information, SBL submitted and caused to be submitted numerous false claims to government healthcare programs (Medicare and Medicaid) seeking reimbursement for prosthetic parts and limb components which were never received by the patient. SBL also upcoded (billed for "higher end" prosthetics which are reimbursed at a higher dollar amount when in actuality the patient received a "lower end" or basic prosthetic which would be reimbursed at a lower dollar amount). In addition, SBL submitted bills to government healthcare programs and was reimbursed for specific prosthetic parts and limb components that were incompatible with each other (i.e. knee, ankle, and foot systems which could not be put together to create a functioning limb system) or were redundant (e.g. SBL billed for supplying two different feet that could not both be attached at the same time on the same limb system).  SBL received at least $1,493,368 in proceeds from submitting false claims to Medicare and Medicaid.

For example, SBL patient AE was a person with a single leg amputation. He advised that he received only one leg and one foot system from SBL. However, the SBL billings records reflect that SBL submitted claims to Medicare for a number of items which he never received. These included billings for two separate knee systems, totaling over $48,000 in submitted claims and

14

Defendant's Initials _____

two separate leg systems, totaling over $12,000 in submitted claims, on July 15, 2010; two ankle systems (on September 20 and December 20, 2010); and two more knee systems (on December 8, 2011), totaling over $48,000 in submitted claims. Each of these knee and foot systems were redundant, in the sense that the patient could, if at all, use only one of them in his condition, at any one given time and each item was warranted by the manufacturer to a significant period of time, making a rapid replacement of the item with an order for a completely new item unnecessary. SBL records show that it billed Medicare for 4 legs and 4 foot systems, three more than AE stated he received from SBL. AE also advised law enforcement agents that 4 of the 5 delivery slips reflecting his receipt of these various items from SBL were forgeries.

SBL patient JG indicated that he never received complex type of prosthetic foot system from SBL. SBL records, however, reflect that it billed Medicare for a total of seven such foot systems between February, 2008 and March, 2011. The submitted bill for each system was approximately $8,000 and Medicare records reflect the payment to SBL of more than $5,000 on each claim. Such a system, even if provided, is covered by a 12-36 month warranty and thus not subject to replacement at such an accelerated rate.

SBL billing records reflect a similar pattern with respect to other SBL patients as well. SBL was submitting bills to Medicare and Medicaid for multiple and incompatible prosthetic systems for patients whose condition

15

Defendant's Initials 

required only one such foot, ankle, or leg system or was billing for two such systems on the same date of service which systems could not be used simultaneously by the patient on the same missing limb or body part and/or were systems which were covered by product warranties to last for extensive periods of time. In other instances, the specific item billed to Medicaid or Medicare for an SBL patient, which was usually more expensive as well, was either inappropriate or too advanced for the condition of the patient in question.

During the period from July, 2009 through the last date in which the defendant submitted bills for reimbursement in March, 2012, the total of questionable reimbursement payments which the defendant received for such equipment was $1,493,368.00.

11.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials 

12.        Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __20__ day of __April__, 2015.

A. LEE BENTLEY, III
United States Attorney

JOANN MANALI,
Authorized Corporate Representative for
SUNCOAST BRACE AND LIMB, INC.
Defendant

JAY L. HOFFER
Assistant United States Attorney

BARRY A. COHEN
Attorney for Defendant

for ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

Defendant's Initials _____

17